IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AVERY GLASS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 16- |
| vs. | ) | Case No. 07-03040-01-CR-S-DW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255**

Petitioner, Avery Glass, through undersigned counsel, hereby files this motion to set aside the sentence in this case on Counts Five and Six pursuant to 28 U.S.C. § 2255. As explained below, Mr. Glass's career offender enhancement under U.S.S.G. § 4B1.1 on Count Six and the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) on Count Five must be vacated.

**INTRODUCTION**

Mr. Glass pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.SC. 924(g) (Count Five) and one count of use of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c) (Count Six.) On November 19, 2007 this Court sentenced Mr. Glass to 202 months on Count Five and a consecutive 68 months on Count Six, for a total sentence of 270 months.

**1. Mr. Glass is no longer a career offender after *Johnson*.**

This Court found Mr. Glass to be a career offender under U.S.S.G. § 4B1.1 after adopting the finding of the presentence report that he had at least two qualifying prior convictions that supported the career offender enhancement. Specifically, the Court found that Mr. Glass had

one conviction that qualified as a "crime of violence" and one conviction that qualified as a "controlled substance offense" under U.S.S.G. § 4B1.2.

After *Johnson*, Mr. Glass's prior conviction for robbery in the second degree no longer qualifies as a "crime of violence" under any portion of the career offender definition:[1]

- The robbery conviction fails to qualify under the career offender residual clause because the clause – which is identical to the ACCA residual clause – is void for vagueness;

- The robbery conviction fails to qualify under the force clause because it does not have an element the use, attempted use, or threatened use of physical force against the person of another; and

- The robbery conviction fails to qualify under the enumerated offenses clause because it is not generic burglary of a dwelling, arson, extortion, or use of explosives.

Therefore, in light of *Johnson*, Mr. Glass's career offender sentence is unconstitutional in violation of due process.

**2. Mr. Glass is no longer an armed career criminal.**

Finally, the Court found Mr. Glass to be an armed career criminal after adopting the finding of the presentence report that he had at least three qualifying prior convictions that

---

[1] Under the career offender provision, an offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it

> (1) has an element the use, attempted use, or threatened use of physical force against the person of another; [known as the force clause] or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [know as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[ known as the residual clause.]

U.S.S.G. § 4B1.2(a) (emphasis added).

supported the ACCA enhancement. Specifically, the Court found that Mr. Glass had one prior conviction for robbery in the second degree which qualified as a violent felony, and two prior convictions for distributing a controlled substance which qualified as a serious drug offense.

However, after *Johnson*, his prior conviction for robbery in the second degree no longer qualifies as a "violent felony." With the residual clause now defunct, the only question here is whether Mr. Glass's robbery offense qualifies as a "violent felony" under the remaining "enumerated offenses" clause (18 U.S.C. § 924(e)(2)(B)(ii)) or "force" clause of the ACCA (18 U.S.C. § 924(e)(2)(B)(i)).[2] It does not qualify as a "violent felony" under the enumerated offenses clause because it is not a generic burglary, arson, extortion, or use of explosives offense. Likewise, it does not qualify as a "violent felony" under the force clause because it 1) does not have an element the use, attempted use, or threat of violent physical force, and 2) it does not require the *intentional* use, attempted use, or threat of violent physical force.

Hence, Mr. Glass does not have the three necessary predicate convictions (either "violent felonies" or "serious drug offenses") to qualify him as an armed career criminal. As a result, Mr. Glass's currently imposed sentence of 202 months on his federal felon in possession conviction is now a *per se* illegal sentence, not only in violation of the United States laws and

---

[2] Under the ACCA, a prior offense qualifies as a "violent felony" if it is "punishable by imprisonment for a term exceeding one year" and it

> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; [known as the force clause] or
>
> (ii) is burglary, arson, or extortion, involves use of explosives [known as enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[ known as the residual clause]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

due process, but in excess of the 10-year statutory maximum for his offense of being a felon in possession of a firearm.

### 4. Mr. Glass is entitled to § 2255 relief on all his claims.

Mr. Glass is entitled to relief under all his claims under 28 U.S.C. § 2255(a). Mr. Glass's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Therefore, Mr. Glass respectfully requests that this Court grant his § 2255 motion, and vacate his ACCA and career offender sentences.

As grounds for this motion, Mr. Glass states as follows:

## STATEMENT OF FACTS

### A. Guilty Plea and Sentencing

On June 1, 2007, Mr. Glass pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. 924(g) (Count Five) and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. 924(c) (Count Six.) On November 19, 2007, this Court sentenced Mr. Glass to 202 months on Count Five. This Court then sentenced Mr. Glass to a consecutive sentence of 68 months on Count Six for a total sentence of 270 months.

### 1. Career offender enhancement

This Court found Mr. Glass to be a career offender after adopting the finding of the presentence report that he had at least two prior convictions that qualified as either "crimes of violence" or "controlled substance offenses" necessary to support the career offender enhancement. Specifically, the Court found that Mr. Glass had one prior conviction that

4

Case 6:16-cv-03228-BCW   Document 1   Filed 06/13/16   Page 4 of 20

qualified as a "crime of violence" and one prior conviction that qualified as a "controlled substance offense" under the career offender provision.

This Court's application of the career offender enhancement subjected Mr. Glass to a Sentencing Guidelines range of 262 to 327 imprisonment (corresponding to offense level 34, criminal history category VI). Without a career offender finding, Mr. Glass's Guidelines range would have been 111 to 123 months imprisonment (offense level 17, criminal history category VI, and a consecutive 60 year term added to that range.)

### 2. ACCA enhancement

This Court found Mr. Glass to be an armed career criminal after adopting the finding of the presentence report that he had at least three prior convictions that qualified as either "violent felonies" or "serious drug offenses" necessary to support the armed career criminal enhancement.

The Court's application of the ACCA enhancement subjected Mr. Glass to a mandatory minimum of 15 years imprisonment. Without an ACCA finding, Mr. Glass's Guidelines range would have been 51 to 63 months imprisonment (offense level 17, criminal history category VI), and the statutory maximum would have been 10 years. 18 U.S.C. § 924(a)(2).

### B. Direct Appeal

Mr. Glass did not pursue a direct appeal.

### C. *Johnson v. United States*

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551. In that case, the Court overruled *Sykes v. United States*, 131 S. Ct. 2267 (2011) and *James v. United States*, 550 U.S. 192 (2007), and invalidated the ACCA's residual clause as too vague to provide adequate notice under the Due Process Clause. In *Johnson*, 135 S. Ct. 2251, the Supreme Court

5

Case 6:16-cv-03228-BCW   Document 1   Filed 06/13/16   Page 5 of 20

held that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. Specifically, the Court concluded that "the indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," and "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 2257. Finding the residual clause "vague in all its applications[,]" the Court overruled its contrary decisions in *Sykes* and *James*. *Id.* at 2562-63. After *Johnson,* Mr. Glass's career offender enhancement and armed career criminal enhancement cannot be sustained for the reasons noted below.

ARGUMENT

**I.   In light of *Johnson*, Mr. Glass does not have two prior convictions that qualify as career offender predicate offenses.**

A defendant is subject to a career offender sentence if his instant federal offense of conviction is either a "crime of violence" or a "controlled substance offense," and he has two prior convictions that qualify as the same. An offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it

(1)   has an element the use, attempted use, or threatened use of physical force against the   person of another; [known as the force clause] or

(2)   is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [known as the residual clause]

U.S.S.G. § 4B1.2(a) (emphasis added). In *Johnson*, 135 S. Ct. 2551, the Supreme Court held that the ACCA residual clause (18 U.S.C. § 924(e)(2)(B)(ii) – which is identical to the residual clause referenced above – was unconstitutionally void for vagueness in all applications.

From *Johnson*, it follows that the career offender residual clause is also void for vagueness. Therefore, an offense can now only qualify as a "crime of violence" if it is either one of the enumerated offenses (burglary of a dwelling, arson, extortion, or use of explosives) or falls within the "force" clause. There is no question that Mr. Glass's conviction for robbery in the second degree fails to qualify as one of the enumerated offenses. Therefore, the only remaining issue here is whether Mr. Glass's conviction falls within the "force" clause. It does not for the reasons discussed below.

### A. *Johnson* renders the career offender residual clause void for vagueness.

To begin with, Mr. Glass's offense for robbery in the second degree cannot qualify under § 4B1.1(a)(2)'s residual clause because that clause is void for vagueness. *Johnson* applies to § 4B1.2(a)(2)'s residual clause. This residual clause repeats the ACCA's residual clause verbatim. Because § 4B1.2(a)(2)'s residual clause is identical to the ACCA's residual clause, the Fourth Circuit interprets the clause identically. *See United States v. Carthorne*, 726 F.3d 503, 511 n.6 (4th Cir. 2013) ("We rely on precedents addressing whether an offense is a crime of violence under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a violent felony under the Armed Career Criminal Act . . . as the two terms are defined in a substantively identical manner") (internal quotation marks and citation omitted).

Indeed, the Court in *Johnson* relied on several decisions involving § 4B1.2(a)(2)'s residual clause to demonstrate that it "has proved nearly impossible" to "make sense of the residual clause." *See* 135 S. Ct. at 2559-60 (citing *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013); *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010); *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010); *United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009)). And the Court has vacated and remanded fourteen lower court decisions in which

defendants had been sentenced under § 4B1.2(a)'s residual clause in light of *Johnson*.[3] Even more, several appellate courts have already held that *Johnson* applies to the guidelines. The Third, Sixth, and Tenth Circuits have held that *Johnson* invalidates the identical language in the guidelines.[4] As the Tenth Circuit explained, "Given our reliance on the ACCA for guidance in interpreting § 4B1.2, it stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA."[5] The First, Second, Fifth, and Ninth Circuits have applied *Johnson* to the guidelines' residual clause based on the government's concession that it is unconstitutionally vague, and

---

[3] The GVRs include twelve career offender cases, *see Caldwell v. United States*, No. 15-5984, __ S. Ct. __, 2015 WL 5276637 (Nov. 2, 2015); *Banks v. United States*, No. 15-5722, __ S. Ct. __, 2015 WL 4987655 (Oct. 19, 2015); *McCarthren v. United States*, No. 15-5654, __ S. Ct. __, 2015 WL 4916396 (Oct. 13, 2015); *Gonzales v. United States*, No. 14-9996, __ S. Ct. __, 2015 WL 2473125 (Oct. 5, 2015); *Vinales v. United States*, 135 S. Ct. 2928 (2015); *Jones v. United States*, No. 15-5667, __ S. Ct. __, 2015 WL 4916474 (Oct. 13, 2015) (28 U.S.C. § 2255 motion); *Denson v. United States*, 135 S. Ct. 2931 (2015) (28 U.S.C. § 2255 motion); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (28 U.S.C. § 2255 motion); *Maldonado v. United States*, 135 S. Ct. 2929 (2015); *Smith v. United States*, 135 S. Ct. 2930 (2015); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (28 U.S.C. § 2255 motion); *Jones v. United States*, 135 S. Ct. 2944 (2015) (28 U.S.C. § 2255 motion); one § 2K2.1 case, *Talmore v. United States*, 135 S. Ct. 2937 (2015), and one § 7B1.1 case, *Cooper v. United States*, 135 S. Ct. 2938 (2015).

[4] *United States v. Madrid*, 805 F.3d 1204, 1210-11 (10th Cir. 2015); *United States v. Collins*, 799 F.3d 554, 596 (6th Cir. 2015); *United States v. Harbin*, 610 F. App'x 562, 563 (6th Cir. July 6, 2015); *United States v. Darden*, 605 F. App'x 545, 546 (6th Cir. July 6, 2015); Order, *United States v. Chin*, No. 15-5448 (6th Cir. Dec. 8, 2015); *United States v. Townsend,* __ F. App'x __, 2015 WL 9311394, at *4 (3d Cir. Dec. 23, 2015).

[5] *Madrid*, 805 F.3d at 1211.

8

remanded for resentencing absent the unconstitutional residual clause.[6] Consistent with these cases, the Fourth Circuit has assumed that *Johnson* invalidates the guidelines residual clause.[7]

The Department of Justice agrees as well. In a brief filed by the Criminal Division of the Appellate Section of the Department of Justice, the government conceded that *Johnson*'s constitutional holding regarding the ACCA's residual clause applies to the residual clause of the career offender guideline, § 4B1.2(a)(2), and to the other guidelines that incorporate that residual clause as well.[8] United States Attorneys Offices across the country have followed suit.[9]

---

[6] *United States v. Soto-Rivera*, __ F.3d __, 2016 WL 279364, at *5 (1st Cir. Jan. 22, 2016); *United States v. Maldonado*, __ F. App'x __, 2016 WL 229833, at *3 (2d Cir. Jan. 20, 2016); Order, *United States v. Herring*, No. 14-3194 (2d Cir. Sept. 9, 2015), Order, *United States v. Estrada*, No. 15-40264 (5th Cir. Oct. 27, 2015); *United States v. Benavides*, 617 F. App'x 790, 2015 WL 5574264, at **1 (9th Cir. Sep. 23, 2015); Order, *United States v. Talmore*, No. 13-10650 (9th Cir. Aug. 24, 2015).

[7] *United States v. Tucker*, __ F. App'x __, 2016 WL 212502, at *1 (4th Cir. Jan. 19, 2016). This Circuit affirmed, however, because, even without the prior offenses upon which the sentencing court had relied, the defendant had been convicted of a drug offense that qualified as a "controlled substance offense," thereby subjecting him to an increased base offense level under §2K2.1(a)(2)(4), which incorporates the definition of "controlled substance offense" from §4B1.2. *Id.*; *see also* U.S.S.G. §2K2.1, comment. n. 1 (2015).

[8] *See* Supp. Br. for United States at 6-10, *United States v. Pagan-Soto*, No. 13-2243, 2015 WL 4872453 (1st Cir. Aug. 11, 2015). In addition to the career offender guideline, the Department of Justice concedes that *Johnson* applies to USSG §§ 2K1.3 & cmt. n.2 (explosive materials); 2K2.1 & cmt. n.1 (firearms); 2S1.1 & cmt. n.1 (money laundering); 4A1.1(e), 4A1.2(p) (criminal history); 5K2.17 & cmt. n.1 (departure for semi-automatic firearms); and 7B1.1(a)(1) & cmt. n.2 (probation and supervised release). *Id.* at 6.

[9] *See* Resp. Brief of the United States at 38, *In re Hubbard*, No. 15-276 (4th Cir. Dec. 21, 2015) ("*Johnson*'s holding that the ACCA residual clause is invalid applies to the identically worded residual clause in the [] career offender guideline"); Brief of the United States, at 38, *Lee v. United States*, No. 15-6099 (4th Cir. Dec. 23, 2015) ("*Johnson* applies to the career offender guideline's residual clause"); Letter Br. for United States, *United States v. Zhang*, No. 13-3410 (2d Cir. Aug. 13, 2015); Supp. Br. for United States, *United States v. Talmore*, No. 13-10650, 2015 WL 5076250 (9th Cir. Aug. 17, 2015); Supp. Letter Br. the United States at 2-4, *United States v. Lee*, No. 13-10507 (9th Cir. Aug. 17, 2015); United States Supp. 28(j) Auth., *United States v. Smith*, No. 14-2216 (10th Cir. Aug. 20, 2015); Appellee's Supp. Br. at 3-10, *United States v. Madrid*, No. 14-2159, 2015 WL 4985890 (10th Cir. Aug. 20, 2015); Supp. Br. for Plaintiff-

9

Thus, Mr. Glass's conviction can no longer qualify as a "crime of violence" under the residual clause.

**B.     Mr. Glass's prior conviction for robbery in the second degree fails to qualify as a "crime of violence" under the remaining force clause.**

**1.     The categorical approach applies in determining whether a conviction qualifies as a "crime of violence" under the career offender "force" clause.**

In determining whether a conviction qualifies as a "crime of violence" under the career offender "force" clause, sentencing courts must employ the elements-based categorical approach. *See Descamps,* 133 S. Ct. 2276, 2283 (2013).

As a result, post-*Descamps*, for an offense to qualify as a "crime of violence" under the career offender "force" clause, the offense must have an element the use, attempted use, or threatened use of "physical force" against another person.   U.S.S.G. § 4B1.2(a)(1).   And "physical force" means *violent* force – that is "strong physical force," which is "capable of causing physical pain or injury to another person."   *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

As further detailed below, under these terms, Mr. Glass's conviction for robbery in the second degree categorically fails to qualify as a career offender predicate, and he is no longer a career offender.

---

Appellee United States at 4-8, *United States v. Grayer*, No. 14-6294, 2015 WL 4999426 (6th Cir. Aug. 20, 2015); United States' Supp. Br. at 7-9, *United States v. Goodwin*, No. 13-1466, 2015 WL 4999435 (10th Cir. Aug. 21, 2015); Supp. Letter Br. for United States, *United States v. Matchett*, No. 14-10396 (11th Cir. Aug. 27, 2015); Supp. Letter Br. for United States, *United States v. Townsend*, No. 14-3652, 2015 WL 5112425 (3d Cir. Aug. 28, 2015); Br. of Plaintiff-Appellee at 8-14, *United States v. Gillespie*, No. 15-1686 (7th Cir. Sept. 14, 2015); United States' Unopposed Motion to Remand for Resentencing in Light of *Johnson*, at 8-12, *United States v. Estrada,* No. 15-40264 (5th Cir. Oct. 8, 2015).

Missouri Revised Statute 569.030 defines the offense of robbery in the second degree.

> A person commits the crime of robbery in the second degree when he forcibly steals property.

The phrase "forcibly steals" is defined at 569.010 R.S.Mo. generally as using or threatening the immediate use of physical force upon another person during the course of stealing. "Physical force" is not defined by statute.

Robbery in the second degree is a non-divisible statute. It can only be committed in one way, that is, by forcibly stealing property. The categorical approach must be used to determine if a conviction for robbery in the second degree represents a crime of violence. As such, the court can only look to the elements of the offense as defined by statute, that is, the "categorical approach." The Court cannot resort to the modified categorical approach. The modified categorical approach is to be used *only* if the statute "sets out one or more elements of the offense in the alternative … [T]he modified categorical approach permits sentencing courts to consult a limited class of documents … to determine which alternative formed the basis of the defendant's prior conviction." *Descamps* at 2281. The Supreme Court has made it infinitely clear that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id*. at 2282.

Nor can the Court rely upon statements in the presentence report, whether they were objected to or not. Absent proof that the information in the PSI is from *Shepard* approved documents, that information cannot be used to determine whether a prior conviction represents a crime of violence. *United States v. Thomas*, 630 F.3d 1055, 1057 (8th Cir. 2011); *United States v. Williams*, 627 F.3d 324, 328 (8th Cir. 2010).

Robbery in the second degree can only be a crime of violence under the force clause if it has, as an element, the use, threatened use, or attempted use of physical force against the person

11

of another.  Although the use or threatened use of physical force is within the Missouri definition of "forcible stealing," the inquiry does not end there.  This court must examine and be bound by the Missouri courts' interpretation of state law.  The "categorical approach assumes that the defendant committed the least culpable act to satisfy the count of conviction." (*U.S. v. Carrasco-Tercero*, 745 F.3d 102, 198 (5th Cir. 2014) (citing *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013)). If the element of "forcible stealing" can be satisfied by conduct that does not meet the federal definition of "physical force," then robbery in the second degree, categorically, is not a crime of violence.

The Supreme Court defined "physical force" within the meaning of 18 U.S.C. § 924(e)(2)(B)(i) in *Johnson v. United States*, 559 U.S. 133 (2010) (*Johnson I).*  Courts have long used § 924(e)'s violent felony analysis interchangeably with § 4B1.2's crime of violence analysis; the force clause language in each is identical.  *U.S. v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008) (There is no difference between "crime of violence" and "violent felony.")

In *Johnson I*, the Court defined "physical force" as "*violent* force - - that is, force capable of causing physical pain or injury to another person." (emphasis in original)  The Court noted that, by itself, the word "violent" in § 924(e)(2)(B) connotes a substantial degree of force.  Of course, the word "violence" as used in § 4B1.2 (crime of "violence") must carry the same connotation of "strong physical force." *Johnson I* quoting Black's Law Dictionary 1706 (9th ed. 2009)

The question, then, is whether the Missouri courts have held that "forcible stealing" can be accomplished with anything less than the violent force necessary to meet the "physical force" element of § 4B1.2.  They have.

12

In *State v. Childs*,[10] the Missouri Court of Appeals found sufficient evidence of physical force to support a robbery conviction when the victim testified that she and the defendant "tussled" over car keys.

In *State v. Harris*,[11] the Missouri Court of Appeals affirmed a robbery second degree conviction after a shoplifting incident. The defendant "shoved" past the store security guard with an armload of clothing, and then got into the passenger seat of a car. The security guard attempted to reach across the driver's seat into the car to retrieve the stolen clothes, at which time the defendant pulled them away from the guard. The court found "[t]he force shown - - that is, *of seizing and trying to free the clothing* from [the security guard] - - was sufficient for the forcible stealing of 569.030 and 569.010…"[12]

It is clear that the forcible stealing element of robbery in the second degree does not necessarily require the *violent* force which the Supreme Court has found is necessary for a violent felony or a crime of violence. Because the offense of robbery in the second degree can be committed without the use, threatened use, or attempted use of physical force as defined by the Supreme Court, it is categorically not a crime of violence.

**III. In light of *Johnson*, Mr. Glass does not have three prior convictions that qualify as ACCA predicate offenses.**

Under the ACCA, a prior offense qualifies as a "violent felony" if it is "punishable by imprisonment for a term exceeding one year" and it

---

[10] 257 S.W.2d 655 (Mo. App. W.D. 2008).

[11] 622 S.W. 2d 742 (Mo. App. W.D. 1981).

[12] *Harris* at 745 (emphasis added).

13

(i) has an element the use, attempted use, or threatened use of physical force against the person of another; [known as the force clause] or

(ii) is burglary, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [known as the residual clause]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

In *Johnson*, 135 S. Ct. 2551, the Supreme Court held that the residual clause (18 U.S.C. § 924(e)(2)(B)(ii) referenced above was unconstitutionally void for vagueness in all applications. Therefore, a prior offense can now only qualify as a "violent felony" if it is either one of the enumerated offenses (burglary, arson, extortion, or use of explosives) or falls within the "force" clause. There is no question that Mr. Glass's conviction does not qualify as one of the ACCA enumerated offenses. Therefore, the only issue here is whether Mr. Glass's prior conviction falls within the ACCA "force" clause. For the same reasons that it does not qualify as a "crime of violence" under the career offender definition, it does not qualify as a "violent felony" under the ACCA.

**IV. Mr. Glass is entitled to relief under 28 U.S.C. § 2255 relief because 1) his claims under *Johnson* are cognizable, 2) *Johnson* is retroactive, and 3) his claims are timely.**

**A. Mr. Glass's claims are cognizable under § 2255(a).**

Under 28 U.S.C. § 2255(a), a petitioner is entitled to relief when his original conviction "was imposed in violation of the Constitution or laws of the United States," is in excess of the statutory maximum, or is in excess of the Court's jurisdiction. 28 U.S.C. § 2255(a). All of Mr. Glass's claims easily satisfy one or more of these criteria.

To begin with, both Mr. Glass's ACCA sentence and career offender sentence now stand in violation of due process. Both of these enhancements were imposed in violation of the Constitution because they were predicated on the residual clause, the residual clause is "unconstitutionally vague," and "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. Even more, Mr. Glass's unlawful ACCA sentence is now beyond the 10-year statutory maximum for being a felon in possession of a firearm.

### B. *Johnson* is retroactive.

Under the retroactivity principles of *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). The Supreme Court held in *Welch v. United States*, 2016 WL 1551144 (Apr. 18, 2016), that the new rule announced in *Johnson* is substantive and thus retroactive to cases on collateral review.

First, "[i]t is undisputed that *Johnson* announced a new rule." *Welch*, 2016 WL 1551144, at *7 (citing *Teague*, 489 U.S. at 301) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final")); *see also Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015)("*Johnson* announces a new rule: it explicitly overrules the line of Supreme Court decisions that began with *Begay*, and it broke new ground by invalidating a provision of the ACCA."); *In re Watkins*, 810 F.3d 375, 380 (6th Cir. 2015) (same).

Second, the Supreme Court held that *Johnson* announced a "substantive rule that has retroactive effect in cases on collateral review." *Welch*, 2016 WL 1551144, at *11. The Court explained that "whether a new rule is substantive or procedural" is determined "by considering

the function of the rule," *id*. at \*8, which "depends [] on whether the new rule *itself* has a procedural function or a substantive function—that is, whether it alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons the law punishes," *id*. at \*9 (emphasis added).

Applying this test, the Court explained that "[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" *Id*. at \*7 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). The Court concluded:

> The residual clause is invalid under *Johnson*, so it can no longer mandate or authorize any sentence. *Johnson* establishes, in other words, that "even the use of impeccable factfinding procedures could not legitimate" a sentence based on that clause. It follows that *Johnson* is a substantive decision.

*Id*. at \*7 (internal citation omitted). "By the same logic, *Johnson* is not a procedural decision" because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Armed Career Criminal Act," but instead "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." *Id*. at \*8.

Notably, the Court said nothing whatsoever to limit its holding or reasoning to ACCA cases. In fact, *Welch* made clear that the relevant "category" for retroactivity purposes is the "rule," not the kind of case in which it is invoked. The Court framed the question as whether the "new *rule* falls within one of the two *categories* that have retroactive effect under *Teague*," defined as "categories of *decisions*" that are "substantive *rules*" or "watershed *rules* of criminal procedure," *Welch*, 2016 WL 1551144, at \*6-7 (internal citations and quotation marks omitted) (emphases added). Accordingly, the substantive *rule* announced in *Johnson* is categorically

retroactive to all cases in which it applies,[13] and, as demonstrated above, *Johnson* applies to the Guidelines. That *Johnson* applies retroactively to both ACCA and Guidelines cases on collateral review is further supported by the fact that the Supreme Court granted *certiorari* for the purpose of vacating and remanding in light of *Johnson* in five cases involving collateral attacks where the prisoner was sentenced under the Guidelines.[14]

Indeed, every court of appeals that has decided the issue has held that new rules that narrow the ACCA's definition of "violent felony" by interpreting its terms apply retroactively to Guidelines cases on collateral review. *See United States v. Doe*, 810 F.3d 132, 154 & n.13 (3d Cir. 2015) (holding that *Begay v. United States*, 553 U.S. 137 (2008) applies retroactively in Guidelines cases, and noting that "[u]nder *Teague*, either a rule is retroactive or it is not"); *Narvaez v. United States*, 674 F.3d 621, 625-26 (7th Cir. 2011) (holding that *Begay* and *Chambers v. United States*, 555 U.S. 122 (2009) are "substantive decisions that 'prohibit[] a certain category of punishment for a class of defendants because of their status or offenses,'" and

---

[13] *See Davis v. United States*, 564 U.S. 229, 243 (2011) (retroactivity is a "categorical matter"); *Danforth v. Minnesota*, 552 U.S. 264, 266 (2008) ("New constitutional rules announced by [the Supreme] Court that [are substantive] must be applied in . . . all federal habeas corpus proceedings."). *In Teague v. Lane*, 489 U.S. 288 (1989), the Court held that new rules must be applied retroactively to all "similarly situated" defendants. *Id*. at 316. Defendants are "similarly situated" when they are at the same stage of the proceedings and rely on the same new rule. *Id*. at 315.

[14] *See Jones v. United States,* 136 S. Ct. 333 (2015) (vacating *Jones v. United States,* 597 F. App'x 1064 (11th Cir. 2015) (affirming denial of § 2255 motion))*; Denson v. United States*, 135 S. Ct. 2931 (2015) (vacating *Denson v. United States*, 569 F. App'x 710 (11th Cir. 2014) (same)); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (vacating *Beckles v. United States*, 579 F. App'x 833 (11th Cir. 2014) (same)); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (vacating order in *Wynn v. United States*, No. 13-4167 (6th Cir. Oct. 10, 2014) (same)); *Jones v. United States*, 135 S. Ct. 2944 (2015) (vacating order in *United States v. Jones*, No. 14-2882 (3d. Cir. Feb. 20, 2015) (denying certificate of appealability to appeal denial of § 2255 motion)).

thus apply retroactively in Guidelines cases); *Brown v. Caraway*, 719 F.3d 583, 594–95 (7th Cir. 2013) (same); *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1189 (9th Cir. 2011) (holding that decision limiting the definition of burglary under the ACCA is substantive because "it altered the conduct that substantively qualifies as burglary," and thus applies retroactively in Guidelines cases); *Rozier v. United States*, 701 F.3d 681 (11th Cir. 2012) (taking it "as a given, that the Supreme Court's" decision narrowing the ACCA's elements clause "is retroactively applicable" in Guidelines cases).[15]

The courts of appeals have followed the same approach regarding the rule announced in *Johnson*. The Seventh Circuit held in an ACCA case that by "prohibit[ing] 'a certain category of punishment for a class of defendants because of their status,'" *Johnson* "announced a new substantive rule" that is "categorically retroactive," *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015), and has since authorized numerous second or successive § 2255 motions in Guidelines cases because "*Johnson* announced a new substantive rule of constitutional law" that is "categorically retroactive." *Stork v. United States*, No. 15-2687, slip op. at 1 (7th Cir. Aug. 13, 2015); *see also Best v. United States*, No. 15-2417, slip op. at 1–2 (7th Cir. Aug. 5, 2015); *Swanson v. United States*, No. 15-2776, slip op. at 1 (7th Cir. Sept. 4, 2015); *Zollicoffer v. United States*, No. 15-3125, slip op. at 1 (7th Cir. Oct. 20, 2015); *Spells v. United States*, No. 15-3252, slip op. at 1 (7th Cir. Oct. 22, 2015). The Sixth Circuit also held in an ACCA case that *Johnson* announced a substantive rule that is "categorically retroactive" to cases on collateral review, *see*

---

15 *Cf. United States v. McLamb*, 1996 WL 79438, at *3 n.4 (4th Cir. 1996) ("*Teague* does not bar the retroactive application on collateral review of a decision concerning the reach of a federal statute, or as here, a sentencing guideline."); *Oliver v. United States*, 90 F.3d 177, 179 & n.2 (6th Cir. 1996) (holding that decision requiring courts to calculate guideline range based on actual weight of harvested marijuana plants was "not barred by *Teague*" because it did not announce a "rule of criminal procedure").

18

*In re Watkins*, 810 F.3d 375, 383 (6th Cir. 2015), and has since authorized second or successive § 2255 motions in Career Offender cases because *Johnson* announced "a new, retroactively applicable, rule of constitutional law." *In re Grant*, No. 15-5795, slip op. at 2 (6th Cir., March 7, 2016); *see also In re Swain*, No. 15-2040, slip op. at 3-4 (6th Cir. Feb. 22, 2016); *In re Homrich*, No. 15-1999, slip op. at 2-3 (6th Cir. March 28, 2016).   And the Eleventh Circuit held in a Guidelines case that *Johnson* is substantive because "it narrowed the scope of section 924(e) by interpreting its terms" and "narrowed the class of people who are eligible for an increased sentence under the [ACCA]," *In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015) (internal citations and punctuation omitted), and noted that if petitioner were "seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively," *id*. at 991.[16]

*Johnson* applies retroactively to ACCA and Guidelines cases alike and therefore to this case.

### C.   This motion is timely under 28 U.S.C. § 2255(f)(3).

This motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Glass filed his claim within a year of that date.   As discussed above, the Supreme Court recognized a new right in

---

16   The Eleventh Circuit held, however, that the Supreme Court had not "made" *Johnson* retroactive for purposes of a second or successive motion, *id*. at 989-90, a decision that the Supreme Court overturned in *Welch* when it explicitly held that *Johnson* is retroactive.

19

Case 6:16-cv-03228-BCW   Document 1   Filed 06/13/16   Page 19 of 20

*Johnson*, and announced a substantive rule that is therefore retroactive to cases on collateral review.

## CONCLUSION

For the reasons set forth above, Mr. Glass respectfully asks this Court to vacate his § 924(c) conviction and ACCA and career offender sentences.

Respectfully submitted,

/s/ Laine Cardarella
Laine Cardarella
Federal Public Defender
818 Grand Avenue, Suite 300
Kansas City, Missouri 64106
(816) 471-8282

## CERTIFICATE OF SERVICE

It is CERTIFIED that the foregoing was electronically filed on this 13th day of June, 2016, and that a copy was e-mailed to all parties pursuant to the ECF system.

/s/ Laine Cardarella
Laine Cardarella