IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| AVERY GLASS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Case No. | 6:16-CV-03228-BCW |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## ORDER

Before the Court is Petitioner's Amended Motion to Correct Sentence under 28 U.S.C. § 2255. The Court, being duly advised of the premises, denies said motion.

## BACKGROUND

On November 30, 2007, the Court entered judgment against Petitioner Avery Glass after he pleaded guilty to one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c). The Court sentenced Glass to 202 months in the custody of the United States Bureau of Prisons on the felon in possession conviction, and 68 months on the possession in furtherance conviction, for a total sentence of 270 months, to be followed by five years of supervised release. This sentence was based at least in part upon the determination that Glass was subject to an enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").

The ACCA provides for an enhanced sentence if a person has three convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e)(1). Under the ACCA, a violent felony under the force clause has "an element the use, attempted use, or threatened use of

1

physical force against the person of another." 18 U.S.C.§ 924(e)(2)(B)(i). At the time of the judgment against Glass, the ACCA included a third category of qualifying predicate offenses described in the "residual clause." This residual clause included offenses that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C.§ 924(e)(2)(B)(ii).

The Supreme Court of the United States found this residual clause unconstitutional in Johnson v. United States, 135 S. Ct. 2551 (2014). Thereafter, the Supreme Court held Johnson established a new rule that applies retroactively on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016). Consequently, some prior convictions upon which an ACCA enhancement might have been based before Johnson and its progeny no longer qualify as violent felonies under the ACCA.

Glass timely filed the instant § 2255 petition on June 13, 2016, within one year of the Johnson decision, which issued on June 26, 2015. 28 U.S.C. § 2255(f)(3) (establishing a 1-year limitations period beginning when "the right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review . . . ."). Glass argues that because the residual clause is unconstitutional, his criminal history no longer includes three qualifying predicate offenses to which the ACCA enhancement might attach, such that his current 202-month sentence for felon in possession of a firearm exceeds the statutory 120-month maximum sentence.

## LEGAL STANDARD

A court may grant relief to a prisoner in federal custody "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the

2

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).

## ANALYSIS

Glass seeks § 2255 relief on the basis that his 270-month sentence violates due process after Johnson because even if Glass's criminal history includes two qualifying drug offenses, Glass's conviction for second-degree robbery is not a qualifying predicate offense after Johnson, such that the ACCA does not apply.

There is no dispute that Glass's two prior felony convictions for serious drug offenses remain qualifying offenses for application of the ACCA. Therefore, the only issue is whether Glass's prior conviction for Missouri second-degree robbery is a violent felony.

In United States v. Swopes, the Eighth Circuit held "that second-degree robbery in Missouri is not a violent felony under the ACCA." 850 F.3d 979, 981 (2017) (citing United States v. Bell, 840 F.3d 963 (8th Cir. 2016)). In reliance on this controlling case law, and the Government's concession that Swopes is binding precedent, the Court concludes that Glass's prior conviction for Missouri second-degree robbery is no longer a qualifying predicate offense after Johnson. Consequently, even if Glass's criminal history includes two prior serious drug offenses, these two convictions alone are insufficient to justify the ACCA enhancement.

The Government asserts that even if second-degree robbery is not an ACCA predicate offense and Glass was not properly subject to the enhancement, the sentencing court was authorized to impose a 270-month sentence, in light of the statutory ranges of punishment for the crimes to which Glass pleaded. Specifically, the statutory range of punishment for Count Five (felon in possession) is not more than ten years' imprisonment, and the statutory range for Count Six (possession of a firearm in furtherance) is not less than five years to life in prison. Thus, Glass' sentencing exposure remains the same and the 270-month sentence is not unlawful.

3

The Government relies on the Court's analysis in Olten v. United States, which indicates that § 2255 relief is not warranted if, upon re-sentencing, the Court could impose the same sentence without running afoul of the law. 565 Fed. App'x 558 (2014). "The Eighth Circuit has determined that § 2255 relief is inappropriate where the same sentence could be reimposed were the movant granted the § 2255 relief he requests." Martin v. United States, 150 F. Supp. 3d 1047, 1049-50 (W.D. Mo. Oct. 20, 2015).

Glass was charged with, and pleaded guilty to, violation of 18 U.S.C.§ 924(c)(1)(A). This section provides:

> Except to the extent that a greater minimum sentence is otherwise provided . . . any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime – (i) be sentenced to a term of imprisonment of not less than 5 years . . .

18 U.S.C. § 924(c)(1)(A). The drug trafficking crime in connection to Glass's use of a firearm was distribution of more than 5 grams of cocaine base, which carries a statutory range of not less than 5 years, and not more than life imprisonment. Therefore, Glass's sentencing exposure was up to life imprisonment.

Based on the persuasive authority set forth, the Court finds that vacating Glass's sentence would have no impact under the circumstances. Even if Glass's sentence on Count V was improper, Glass was also convicted on Count VI and sentenced consecutively to the conviction under Count V. Thus, Glass's sentencing exposure for up to life imprisonment could remain the same, even if he was re-sentenced. Therefore, Glass's sentence to 270 months on two counts is not in excess of statutory authority. See Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir. 2011).

Because there is no factual dispute underlying Glass's motion, no evidentiary hearing is necessary. Cf. United States v. Sellner, 773 F.3d 927, 929 (8th Cir. 2014). With respect to the issue of a certificate of appealability, the parties agree that Missouri second-degree robbery is not a qualifying predicate offense under the ACCA. On this basis, the Court is inclined to find that Glass's case is not one where "reasonable jurists could debate whether the issues should have been resolved in a different manner or the issues deserve further proceedings." Martin, 150 F. Supp. 3d at 1051 (citing Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)). Consequently, the Court denies a certificate of appealability in this case. Accordingly, it is hereby

ORDERED Petitioner's Amended Motion to Correct Sentence under 28 U.S.C. § 2255 is DENIED (Doc. #8). It is further

ORDERED the Court denies issuance of a certificate of appealability.

IT IS SO ORDERED.


DATED: June 14, 2017    /s/ BRIAN C. WIMES
                        JUDGE BRIAN C. WIMES
                        UNITED STATES DISTRICT COURT