IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| AVERY GLASS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 6:16-CV-03228-BCW |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Petitioner Avery Glass's motion requesting sentencing transcripts. (Doc. #29). The Court, being duly advised of the premises, denies said motion.

On June 14, 2017, the Court denied Glass's motion for relief under 28 U.S.C. § 2255, and declined to issue a certificate of appealability. (Doc. #19). On June 29, 2017, Glass filed a Notice of Appeal (Doc. #21) and a motion requesting sentencing transcripts (Doc. #22). Subsequently, Glass filed two additional motions for sentencing transcripts. (Docs. #28 & #29). Because these three motions seek the same relief, the Court considers only the most recently-filed motion (Doc. #29).

As an initial matter, the Court notes Glass was represented by appointed counsel for purposes of the § 2255 proceedings. Although the Court need not entertain a pro se motion filed by a party represented by counsel, the Court considers Glass's pro se motions because they relate to appellate proceedings beyond appointed counsel's representation. U.S. v. Pate, 754 F.3d 550, 553 (2014) (Doc. #4).

"[T]ranscripts may be furnished without charge to indigent persons in proceedings brought under (28 U.S.C.) section 2255 if the trial judge or a circuit judge certifies that the suit

1

or appeals is not frivolous and that the transcript is needed to decide the issue presented." United States v. Losing, 601 F.2d 351, 352 (8th Cir. 1979). "[A] prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case." Id.

"In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals . . . ." 28 U.S.C. § 2253(a). However, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue under paragraph [(c)](1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2).

In this case, Glass filed a notice of appeal with respect to this Court's order denying his motion for § 2255 relief. Glass did not request a certificate of appealability in conjunction with the notice of appeal. United States v. Grant, No. 8:04CR267, 2007 WL 2156347, at *1 (D. Neb. July 25, 2007) (citing Fed. R. App. P. 4, 22(b)) ("The federal rules of appellate procedure require that a defendant appealing the denial of a § 2255 motion file both a notice of appeal and a request for certificate of appealability.")). Regardless, this Court previously declined to issue a certificate of appealability based on the conclusion that Glass's § 2255 petition did not make a substantial showing of the denial of a federal constitutional right. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Consequently, the Court concludes that to the extent Glass wants to appeal this Court's decision denying his petition for § 2255 relief, the notice of appeal cannot be considered non-frivolous. Thus, Glass is not entitled to a copy of the sentencing transcript under

the current circumstances. However, in the event that the Eighth Circuit decides to consider the merits of Glass's § 2255 petition on appellate review, thus certifying that Glass's appeal is non-frivolous, Glass may file another request for a copy of the sentencing transcript. Accordingly, it is hereby

ORDERED is Petitioner Avery Glass's motion requesting sentencing transcript (Doc. #29) is DENIED WITHOUT PREJUDICE. The previously-filed motions seeking the same relief (Docs. #22 & #28) are DENIED AS MOOT. It is further

ORDERED the Clerk of the Court shall provide a copy of this order to the Eighth Circuit Court of Appeals. It is further

ORDERED the Clerk of the Court shall send by U.S. Mail a copy of this order to:

> **AVERY GLASS**
> **19633-045**
> **Allenwood U.S. Penetentiary**
> **Inmate Mail/Parcel**
> **P.O. Box 3000**
> **White Deer, PA 17887**

IT IS SO ORDERED.

DATED: <u>August 25, 2017</u>

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT